Citation Nr: 1523830 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-29 227 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Jeng, Counsel



INTRODUCTION

The Veteran served on active duty in the Army from November 1967 to November 1970. He died in January 2010, and the appellant is his surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision of the Department of Veterans Affairs (VA) Milwaukee, Wisconsin Pension Center.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a) (2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran died in April 2012, and his death certificate lists the immediate cause of death as liver failure due to sepsis and Hepatitis C/hemochromatosis cirrhosis.

The appellant essentially contends that the Veteran's Hepatitis C was due to service. She asserts that during service the Veteran underwent surgery for circumcision and had a transfusion, which is a risk factor for liver disease. 

The Veteran's service treatment records are entirely silent or negative for any evidence pertaining to Hepatitis C or a liver disease (or a blood transfusion). However, his service personnel records indicate that he served in Korea during a period identified as being exposed to herbicides. Therefore, he is presumed to have been exposed to herbicides during service. 
A July 2014VA medical opinion was rendered in conjunction with review of the claims folder. The examiner opined that it was less likely than not that Hepatitis C was incurred in or caused by service. However, the VA examiner did not provide an opinion as to the relationship if any between the Veteran's liver disease and conceded in-service exposure to herbicides. Although service connection for liver disease on a presumptive basis is not warranted, service connection can be established on a direct basis or based on applicable presumptions established for chronic disease under 38 C.F.R. § 3.309(a). See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). Therefore, on remand, the examiner is request to supplement his opinion. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Refer the case to the VA examiner who authored the July 2014 examination report for a supplemental opinion. If the same examiner is not available, the claims folder should be forwarded to another clinician. 

The examiner must offer an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's liver disease was etiologically related to service, specifically to conceded exposure to herbicides therein. 

The examiner should provide an explanation based on the specific facts of the case and any relevant medical literature for any opinion rendered. 

2. Thereafter, readjudicate the appellant's claim. If action remains adverse to the appellant, provide her and her representative with a supplemental statement of the case and allow an appropriate opportunity to respond. Thereafter, the case should be returned to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).